UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

UNITED STATES OF AMERICA, Plaintiff,

v. Criminal Action No. 3:02-cr-15-DJH

RAYSHAWN LAMONT JACKSON, Defendant.

\* \* \* \* \*

## ORDER

Defendant Rayshawn Lamont Jackson moves to seal "all charges related to" his September 23, 2002 conviction for drug trafficking and possession and unlawful possession of a firearm. (Docket No. 29) As grounds for his motion, Jackson writes that he has "learned a valuable lesson since being released from serving [his] time" and he has "used [his] time to teach [his] children" to "work hard to become productive in their life." (*Id.*, PageID.16) The United States opposes the motion, writing that "[w]hile it is commendable if the defendant has used his prior conviction as an example to others to take a different path," "Jackson is essentially seeking an expungement of his criminal conviction" and "federal courts have no inherent authority to expunge records of a valid federal conviction." (D.N. 32, PageID.24–25) Jackson did not reply.

The government is correct that federal courts have limited "ancillary jurisdiction to hear motions to expunge." *United States v. Field*, 756 F.3d 911, 915 (6th Cir. 2014). And federal courts lack jurisdiction "over motions for expungement that are grounded on purely equitable considerations" such as allegations that "the movant has maintained good conduct and that the record of arrest harms the movant's employment opportunities." *Id.* (collecting cases). Because Jackson's motion to seal is based on equitable considerations such as his good behavior since his release (*see* D.N. 29), the Court lacks the authority to grant the relief that Jackson seeks. *Id.*; *see*

1

*also United States v. Valueland Auto Sales, Inc.*, 847 F. App'x 344, 346 (6th Cir.), *cert. denied*, 142 S. Ct. 709 (2021) ("[W]e observe that at least seven of our sister circuits have reached this same conclusion: district courts don't have jurisdiction over motions for expungement premised solely on equitable considerations."). Accordingly, and the Court being otherwise sufficiently advised, it is hereby

    **ORDERED** that Jackson's motion to seal (D.N. 29) is **DENIED**.

    This matter remains **CLOSED.**

    August 25, 2023

David J. Hale, Judge
United States District Court